[Cite as *State v. Bryant*, 2011-Ohio-3187.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 25306 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAMON R. BRYANT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 04 05 1527 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2011

CARR, Judge.

{¶1} Appellant, Ramon Bryant, appeals the judgment of the Summit County Court of Common Pleas. The Court affirms.

I.

{¶2} On May 7, 2004, the Summit County Grand Jury returned a secret indictment charging Bryant with numerous felonies stemming from an incident that occurred in Tallmadge, Ohio, on April 28, 2004. The State subsequently obtained two supplements to the indictment. The substantive facts relating to the incident are set forth in our prior decision. See *State v. Bryant*, 9th Dist. No. 22723, 2006-Ohio-517.

{¶3} Bryant stood trial before a jury and was found guilty of two counts of aggravated murder in violation of R.C. 2903.01(B), each with a gun specification; one count of murder in violation of R.C. 2903.02(A) with a gun specification; four counts of felonious assault in violation of R.C. 2903.11, three of which contained gun specifications; two counts of aggravated

robbery in violation of R.C. 2911.01(A)(1), each with a gun specification; two counts of aggravated burglary in violation of R.C. 2911.11(A)(2), each with a gun specification; and one count of possession of cocaine in violation of R.C. 2925.11(A). The trial court merged several of Bryant's sentences and he received an aggregate sentence of 72 years to life.

{¶4} Bryant filed a notice of appeal on June 6, 2005. On appeal, Bryant challenged his convictions for aggravated robbery and murder on the basis that they were based upon insufficient evidence and against the manifest weight of the evidence. Bryant also challenged the validity of his sentence, arguing that the trial court erred in imposing consecutive terms of imprisonment in violation of his constitutional right to trial by jury. This Court affirmed the trial court's judgment on February 8, 2006. Bryant subsequently appealed to the Supreme Court of Ohio. On June 26, 2006, the Supreme Court reversed the decision of this Court and remanded the matter to the trial court for resentencing in accordance with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶5} Bryant appeared for resentencing on December 20, 2007. By journal entry dated January 2, 2008, the trial court imposed an identical term of incarceration with the possibility of parole after 72 years. On September 12, 2008, Bryant filed a notice of appeal. On November 12, 2009, this Court issued a journal entry vacating the trial court's sentence on the basis that there had been an error in the imposition of post-release control. Based upon Bryant's convictions, he should have been notified that he was subject to a post-release control for a mandatory period of five years pursuant to R.C. 2967.28. Because the sentencing entry only stated that Bryant was subject to post-release control "to the extent the parole board may determine as provided by law," this Court remanded the case to the trial court for resentencing.

{¶6}   On February 12, 2010, Bryant was again sentenced to 72 years to life with the possibility of parole after 72 years.  The record indicates that a pro se motion to discharge was filed on February 19, 2010.  The basis for the motion was that there had been an unreasonable delay in imposing a lawful sentence in violation of Crim.R. 32(A) and the Sixth Amendment of the United States Constitution.  While the record indicates that the motion was not formally filed until February 19, 2010, the transcript from the February 12, 2010 sentencing indicates that the trial judge was aware of the motion and denied it prior to imposing sentence.  The sentencing entry was journalized on March 5, 2010.

{¶7}   On appeal, Bryant raises two assignments of error.

## II.

### **ASSIGNMENT OF ERROR I**

"THE COURT ERRED WHEN IT VOIDED A VALID SENTENCE AND ORDERED APPELLANT TO BE RESENTENCED DE NOVO, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION, AND SECTION 2929.191 OF THE OHIO REVISED CODE."

{¶8}   In his first assignment of error, Bryant argues the trial court did not employ the proper procedure in resentencing him.  This Court disagrees.

{¶9}   In support of his assignment of error, Bryant relies on the Supreme Court of Ohio's decision in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434.  In *Singleton*, the Supreme Court held that, "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio."  Id. at paragraph one of the syllabus.   The high court further held that, "[f]or criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease

control, trial courts shall apply the procedures set forth in R.C. 2929.191." Id. at paragraph two of the syllabus. Bryant contends that the correct method to correct the post-release control error in the January 2, 2008 sentencing entry was to apply the procedures set forth in R.C. 2929.191. Bryant argues that this Court's order vacating his 2008 sentence, which needed only to be corrected, violated his rights to due process of law and against double jeopardy. In his merit brief, Bryant further asserts that, "assuming arguendo that this Court did not know of the Supreme Court's ultimate decision in *Singleton*, the trial court would have – or should have – been aware of the decision by the time of Appellant's February 2010 sentencing, and should have reinstated the original sentence and informed Appellant of his [post-release control] – not resentenced him for a third time."

{¶10} Our analysis must be informed by the specific procedural history of this case. On November 12, 2009, this Court determined that, because the trial court's sentencing entry did not correctly impose post-release control, Bryant's sentence was void. This Court specifically vacated the sentencing entry and remanded for resentencing. The Supreme Court had not yet decided *Singleton* at the time we issued our journal entry. Our decision to vacate the sentencing entry was rooted in the Supreme Court's post-release control jurisprudence at the time the matter came before us. The Supreme Court's decision in *Singleton* was subsequently released on December 22, 2009. As neither party appealed this Court's entry vacating the conviction and remanding the case to the trial court, however, our conclusion that Bryant's sentence was void became the law of the case. *State v. Benford*, 9th Dist. No. 24828, 2010-Ohio-54, at ¶4, citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3. ("[T]he [law of the case] doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.").

"The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶27. As this Court's determination that the January 2, 2008 sentencing entry was void is the law of this case, it was necessary for the trial court to conduct a de novo sentencing hearing as no lawful sentence was in place at the time of Bryant's resentencing. Thus, Bryant cannot prevail on his argument that his resentencing was a violation of his right to due process of law and against double jeopardy.

{¶11} Bryant's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"APPELLANT WAS DEPRIVED OF HIS DUE PROCCESS AND HIS SPEEDY TRIAL RIGHTS WHEN HE WAS NOT GIVEN A VALID SENTENCE UNTIL ALMOST FIVE YEARS AFTER HE WAS FOUND GUILTY, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND CRIMINAL RULE 32(A)."

{¶12} In his second assignment of error, Bryant argues that there was an unreasonable delay in imposing a lawful sentence. This Court disagrees.

{¶13} Bryant emphasizes on appeal that it took almost five years for the trial court to impose a lawful sentence. Bryant argues that the multi-year delay between the time he was found guilty and the time at which a lawful sentence was imposed violated Crim.R. 32(A), as well as his Sixth Amendment speedy trial rights and his Fifth and Fourteenth Amendment rights to due process of law. In support of his position, Bryant cites to the Eighth District's decision in *Euclid v. Brackis* (1999), 135 Ohio App.3d 729, and several other cases, for the proposition that

a defendant should be discharged when there is an unreasonable delay between the time of conviction and the time of sentencing.

{¶14} Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." The Supreme Court of Ohio has recognized that delay for a reasonable time does not invalidate a sentence. *Neal v. Maxwell* (1963), 175 Ohio St. 201, 202. This Court has held that Crim.R. 32(A) does not apply in cases where an offender must upon remand be re-sentenced. *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19, citing *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, ¶8. See, also, *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, at ¶36-37; *State v. Jones*, 9th Dist. No. 25032, 2010-Ohio-4455, at ¶9-10, *State v. Banks*, 9th Dist. No. 25279, 2011-Ohio-1039, at ¶42-43. "This logic, as it relates to Crim.R. 32(A), recognizes the distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender." *Spears* at ¶19. Furthermore, the Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶19, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75.

{¶15} This case does not involve a situation where the trial court refused to impose a sentence on the defendant. On the contrary, the trial court attempted to sentence Bryant on three separate occasions. Thus, this case presents a completely different set of circumstances than the Eighth District confronted in *Brackis*, where "the matter remained pending for more than twenty-one months without any action on the remand order." *Brackis*, 135 Ohio App.3d at 730. The delay which occurred between the date Bryant was found guilty of multiple crimes and the date he was resentenced on March 5, 2010, was the result of the need for Bryant to utilize the appellate process. After this Court affirmed his convictions on direct appeal, Bryant successfully

appealed his case to the Supreme Court of Ohio. The trial court attempted to resentence Bryant on January 2, 2008. Subsequently, on November 12, 2009, this Court determined that sentence to be void and remanded the matter to the trial court for a de novo resentencing hearing. The trial court proceeded to conduct a new sentencing hearing and issued a new sentencing entry on March 5, 2010. As a trial court retains continuing jurisdiction to correct a void sentence, there was not unreasonable delay in sentencing Bryant which called into question the trial court's jurisdiction to impose sentence. See *Zaleski* at ¶19.

{¶16} Bryant's second assignment of error is overruled.

III.

{¶17} Bryant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                        _____
                                        DONNA J. CARR
                                        FOR THE COURT

MOORE, J.
<u>CONCURS</u>

BELFANCE, P. J.
<u>CONCURS IN JUDGMENT ONLY</u>

<u>APPEARANCES</u>:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.