[Cite as *State v. Garcia*, 2013-Ohio-3677.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-02-025 |
| | : | O P I N I O N |
| - vs - | | 8/26/2013 |
| | : | |
| DAVID A. GARCIA, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR07-06-0912

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

David A. Garcia, #A568-239, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, David A. Garcia, appeals the decision of the Butler County Court of Common Pleas denying his successive petition for postconviction relief.

{¶ 2} On December 13, 2007, Garcia was convicted of possession of marijuana, a second-degree felony, and trafficking in marijuana, a first-degree felony. Garcia was sentenced to serve eight years in prison for the possession conviction, to be served

concurrently with a ten-year prison sentence for the trafficking conviction. Garcia appealed his convictions and sentence. This court overruled his assignments of error on June 8, 2009, citing the appeals of Garcia's codefendants wherein the validity of the search warrant was affirmed. However, the case was remanded to the trial court to merge the trafficking and possession convictions as allied offenses. *State v. Garcia*, 12th Dist. Butler No. CA2008-01-015 (June 8, 2009) (Accelerated Calendar Judgment Entry). Garcia was subsequently resentenced on July 2, 2009.

{¶ 3} While Garcia's direct appeal was pending, he filed a petition for postconviction relief on May 14, 2008. The trial court denied Garcia's petition, and this court dismissed the subsequent appeal because it was not filed in a timely manner. *State v. Garcia*, 12th Dist. Butler No. CA2008-09-236 (Feb. 24, 2009) (Dismissal Entry).

{¶ 4} On December 4, 2008, Garcia filed a successive petition for postconviction relief. The trial court again denied Garcia's petition. On appeal, this court overruled Garcia's assignment of error and affirmed the trial court's denial of the successive petition for postconviction relief as untimely. *State v. Garcia*, 12th Dist. Butler No. CA2009-01-021 (Oct. 13, 2009) (Accelerated Calendar Judgment Entry).

{¶ 5} While that appeal was pending, Garcia filed a writ of procedendo on March 13, 2009, demanding an order for the lower court to issue findings of fact and conclusions of law with regard to his first petition for postconviction relief. This court dismissed the writ as moot because the lower court had filed findings of fact and conclusions of law on April 14, 2009. *Garcia v. Butler Cty. Ct. of Common Pleas*, 12th Dist. Butler No. CA2009-03-096 (May 12, 2009) (Dismissal Entry). Those findings of fact and conclusions of law stated that:

> The Petitioner could have raised all of the claims he presents in his post-conviction petition on direct appeal, and he has presented no material, relevant nor competent evidence outside the record, *res judicata* bars his claims. Whether it be a claim of ineffective assistance of counsel or the legality of the search,

these issues could have been asserted in the proper court at the appropriate time. A Motion to Suppress was heard in this matter and was denied by the reviewing court.

{¶ 6} Garcia then appealed the trial court's findings of fact and conclusions of law denying his petition for postconviction relief. This court overruled his assignment of error, holding that "his claim of ineffective assistance of counsel could have been raised upon direct appeal, and therefore, is now barred by the doctrine of res judicata." *State v. Garcia*, 12th Dist. Butler No. CA2009-04-118 (Nov. 23, 2009) (Accelerated Calendar Judgment Entry).

{¶ 7} On December 20, 2012, Garcia filed a second successive petition for postconviction relief. He argued that new evidence in the form of interrogatories received from his federal civil case prove that his trial counsel failed to adequately attack the validity of the search warrant in the motion to suppress hearing. The trial court denied Garcia's petition, finding that "[a] review of the record and R.C. 2953.21(A)(2) indicated that [Garcia's] Petition is untimely. Additionally, [Garcia] has failed to establish that an exception listed in R.C. 2953.23(A) grants this Court jurisdiction to consider his untimely Petition."

{¶ 8} Garcia now appeals from that decision, raising a single assignment of error for our review:

{¶ 9} Assignment of Error No. 1:

{¶ 10} TRIAL COUNSEL VIOLATED [GARCIA'S] 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE BY FAILING TO COMPLETELY LITIGATE [GARCIA'S] 4TH AMENDMENT CLAIM.

{¶ 11} Within his first assignment of error, Garcia challenges the finding that his petition was untimely and that no exception listed in R.C. 2953.23(A) granted the trial court jurisdiction to consider the petition.

{¶ 12} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed

- 3 -

no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." If a postconviction relief petition is filed beyond the 180-day time limitation, or the petition is a second or successive petition for postconviction relief, a trial court lacks jurisdiction to consider it unless the provisions of R.C. 2953.23(A) apply. *State v. Bryant*, 7th Dist. Mahoning App. No. 10-MA-11, 2010-Ohio-4401, ¶ 15. R.C. 2953.23(A)(1) provides that a trial court may entertain a petition filed after the expiration of the 180-day time period if a petitioner establishes both of the following requirements:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period described in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact-finder would have found the petitioner eligible for the death sentence.

{¶ 13} Garcia does not dispute that his second petition was filed outside the 180-day statutory period. However, he claims that he established the requirements of R.C. 2953.23(A)(1) for the trial court's consideration of an untimely petition.

{¶ 14} Garcia asserts that his ineffective assistance of counsel claim is based upon new evidence contained in the interrogatories of Officer Joseph Nerlinger. However, after a thorough review of the record, we cannot find that any evidence contained in Officer Nerlinger's more recent interrogatories presents *new* evidence. In fact, Garcia already made these same arguments in relation to Officer Nerlinger and the validity of the search warrant in

his August 25, 2009 motion for a new trial. In that motion, Garcia argued that Officer Nerlinger "failed to demonstrate the C.I. was reliable, the Officer did not corroborate his information before seeking a search warrant, and the Officer's affidavit presents new evidence of these claims. * * * The Officer did not corroborate those facts necessary to the investigation that would provide a basis of knowledge for him to receive a valid search warrant." These are the same arguments that Garcia makes in the present appeal, with no new evidence in support of those claims.

{¶ 15} In light of the foregoing, having found that Garcia has not presented any new evidence that would allow the trial court to entertain his untimely petition for postconviction relief, Garcia's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.