[Cite as *State v. Kent*, 2013-Ohio-5090.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2013-05-003 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N |
| - vs - | : | 11/18/2013 |
| | : | |
| KENNETH HARLAN KENT, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 07CR9761


Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, 101 East Main Street, Courthouse, 1st Floor, Eaton, Ohio 45320, for plaintiff-appellee

Kenneth Harlan Kent, #A565599, Hocking Correctional Institution, P.O. Box 59, Nelsonville, Ohio 45764, defendant-appellant, pro se


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Kenneth Harlan Kent, appeals pro se from the Preble County Court of Common Pleas decision denying his most recent petition for postconviction relief. For the reasons outlined below, we affirm.

{¶ 2} On January 4, 2007, Kent was arrested and charged with one count of cocaine possession, a first-degree felony, and one count of possession of criminal tools, a fifth-degree felony, after police discovered a large amount of cocaine in his vehicle as he was

traveling eastbound on I-70 towards Columbus, Ohio. It is undisputed that following his arrest, the state offered Kent a plea deal to a reduced charge of possession of a controlled substance, a second-degree felony, with a recommended sentence of two years in prison. However, although originally agreeing to accept the plea deal, Kent later refused the state's offer upon the advice of his privately retained counsel in order to pursue what he believed was a meritorious motion to suppress. The trial court denied Kent's motion to suppress and the matter proceeded to trial.

{¶ 3} On October 23, 2007, a jury found Kent guilty on both charges. The trial court then sentenced Kent to serve the mandatory term of ten years in prison. Kent subsequently appealed from his conviction and sentence arguing he received ineffective assistance of counsel based on counsel's advice to turn down the original plea deal in order to pursue a motion to suppress. This court disagreed and affirmed Kent's conviction and sentence in an accelerated calendar judgment entry filed September 17, 2008. *See State v. Kent*, 12th Dist. Preble No. CA2007-11-026 (Sept. 17, 2008) (Accelerated Calendar Judgment Entry). The Ohio Supreme Court later declined jurisdiction in an entry filed February 4, 2009. *See State v. Kent*, Case No. 2008-2066 (Feb. 4, 2009).

{¶ 4} On July 9, 2008, while his appeal was still pending before this court, Kent filed his first pro se petition for postconviction relief arguing his conviction and sentence must be vacated as he received ineffective assistance of counsel. The trial court denied Kent's petition on April 8, 2009. In so holding, the trial court explicitly stated that Kent was not "entitled to the relief requested because his [ineffective assistance of counsel] claim was already resolved on appeal."

{¶ 5} On October 29, 2012, Kent filed his second pro se petition for postconviction relief. In support of this petition, Kent once again argued his conviction and sentence must be vacated because he received ineffective assistance of counsel. However, rather than

dismissing his petition, the trial court appointed counsel for Kent. Thereafter, on February 21, 2013, Kent's appointed counsel filed a supplemental postconviction relief petition setting forth the same essential ineffective assistance of counsel claim.

{¶ 6} On April 16, 2013, the trial court issued a decision denying Kent's most recent petition for postconviction relief. In so holding, the trial court found Kent's postconviction relief petition was untimely and otherwise barred by the doctrine of res judicata. Kent now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REJECTED APPELLANT'S MOTION TO VACATE HIS CONVICTION BECAUSE OF HIS COUNSEL'S INEFFECTIVENESS.

{¶ 8} In his single assignment of error, Kent argues the trial court erred in denying his most recent petition for postconviction relief. We disagree.

{¶ 9} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8; *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 10} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the

court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" However, if a postconviction relief petition is filed beyond the 180-day time limit, or the petition is a second or successive petition for postconviction relief, both of which occurred here, a trial court lacks jurisdiction to consider it unless the provisions of R.C. 2953.23(A) apply. *State v. Garcia*, 12th Dist. Butler No. CA2013-02-025, 2013-Ohio-3677, ¶ 12.

{¶ 11} R.C. 2953.23(A)(1) provides that a trial court may entertain a petition filed after the expiration of the 180-day time limit only if a petitioner establishes both of the following requirements:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period described in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact-finder would have found the petitioner eligible for the death sentence.

{¶ 12} In other words, a court may entertain an untimely petition for postconviction relief only if the petitioner demonstrates one of the following prerequisites: (1) he was unavoidably prevented from discovering facts necessary for the claim for relief; or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. *State v. Strunk*, 12th Dist. Butler No. CA2010-09-085, 2011-Ohio-417, ¶ 13. "If the petitioner was able to satisfy one of those two conditions, R.C. 2953.23(A) requires he also must demonstrate that but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses for which

he was convicted." *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 17.

{¶ 13} In this case, it is undisputed that Kent's most recent postconviction relief petition was filed well after the 180-day time limit contained in R.C. 2953.21(A)(2). Moreover, after a thorough review of the record, we find Kent has failed to provide any evidence that he was unavoidably prevented from discovering any facts necessary to establish his claim of relief. Nevertheless, Kent argues the trial court erred by denying his most recent postconviction relief petition because the United States Supreme Court had recently recognized a "new right" that applied retroactively to him in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012).

{¶ 14} However, contrary to Kent's claim otherwise, many Ohio appellate courts, as well as a number of federal courts, have already determined *Lafler* did not create a new retroactive right. *See State v. Isa*, 2d Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382, ¶ 9 (finding the United State Supreme Court's decision in *Lafler* did not establish "a new right or announces a new rule of constitutional law," since it "simply examined a defendant's existing right to the effective assistance of counsel in the context of plea bargaining"); *United States v. Dewitt*, S.D.Ohio Nos. 3:98-CR-081 and 3:12-CV-183, 2013 WL 1818630, *2 (Apr. 29, 2013) (stating "*Lafler* did not recognize new rights and make them retroactive"). In fact, as recently noted by the Eleventh District Court of Appeals, the United States Supreme Court "was rather explicit that it was not creating a new right, but applying the existing right to effective assistance of counsel and test from *Strickland*." *State v. Anderson*, 11th Dist. Trumbull No. 2013-T-0041, 2013-Ohio-4426, ¶ 20, quoting *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶ 13.

{¶ 15} After reviewing *Lafler* and its progeny, as well as the litany of cases specifically addressing this exact issue, we agree that the United States Supreme Court did not create a

"new right" in *Lafler* that would allow Kent to proceed on his untimely postconviction relief petition. Kent's claim otherwise is wholly without merit and not supported by the record before this court. The trial court, therefore, properly determined that it lacked jurisdiction to consider Kent's untimely petition for postconviction relief.

{¶ 16} That said, even if we were to find *Lafler* created a "new right," which we do not, we also find Kent failed to provide any evidence that, but for the alleged constitutional error, no reasonable fact finder would have found him guilty of the offenses. Here, the arguments advanced by Kent in his most recent petition for postconviction relief, as well as those issues asserted on appeal, relate solely to his conscious decision to reject the state's plea offer, thereby subjecting him to a mandatory ten year prison sentence. This is an insufficient basis to support a petition for postconviction relief. As this court has consistently held, "[t]he plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except those occurring within the capital punishment context." *State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 27; *State v. Carter*, 12th Dist. Clinton No. CA2006-03-010, 2006-Ohio-4205, ¶ 16; *State v. Schroyer*, 12th Dist. Clermont No. CA2005-05-032, 2006-Ohio-1782, ¶ 23.

{¶ 17} We also find Kent's most recent postconviction relief petition is barred by the doctrine of res judicata. "It is well-established that a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30; *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 21. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v.*

*Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10, quoting *State v. Franklin*, 12th Dist. Butler No. CA2002-07-183, 2003-Ohio-1770, ¶ 11.

{¶ 18} To that end, "[r]es judicata is a proper basis for dismissing a defendant's petition for postconviction relief when the defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly have been determined without resort to evidence outside the record." *State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 14, quoting *Wagers*, 2012-Ohio-2258 at ¶ 10. However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18.

{¶ 19} As noted above, Kent filed a direct appeal from his conviction and sentence specifically raising an ineffective assistance of counsel claim. This court rejected that claim finding Kent did not receive ineffective assistance of counsel. *See State v. Kent*, 12th Dist. Preble No. CA2007-11-026 (Sept. 17, 2008) (Accelerated Calendar Judgment Entry). Although Kent now claims he received ineffective assistance of counsel due to his counsel's alleged failure to "adequately consult" him about the state's plea deal, a claim that he did not explicitly raise on direct appeal, Kent was well aware of these issues before ever filing his direct appeal with this court. This is confirmed by a simple review of Kent's affidavit attached to his most recent postconviction relief petition, which states, in pertinent part, that although he was advised of the state's plea deal, he agreed to disregard any and all plea offers at the advice of counsel.[1] Therefore, any claim that his trial counsel was ineffective for failing to "adequately consult" him regarding the state's plea deal could have, and should have, been

---

1. Although not argued on appeal, we find this case is also clearly distinguishable from that faced by the United States Supreme Court in *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012), wherein the Court found defense counsel was deficient where counsel failed to communicate plea offers to the accused before the offers expired.

raised on direct appeal. Accordingly, Kent's claim that the doctrine of res judicata is inapplicable is without merit and overruled.

{¶ 20} In light of the foregoing, we find the trial court's lack of jurisdiction to consider Kent's untimely postconviction relief petition, as well as the doctrine of res judicata, effectively bar Kent's requested relief. Therefore, because we find no error in the trial court's decision dismissing Kent's most recent postconviction relief petition, Kent's single assignment of error is overruled.

{¶ 21} Judgment affirmed.

HENDRICKSON P.J., and M. POWELL, J., concur.