[Cite as *State v. Bryant*, 2013-Ohio-4996.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.   26774 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| RAMON R. BRYANT | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 2004 05 1527 |

## DECISION AND JOURNAL ENTRY

Dated: November 13, 2013

HENSAL, Judge.

{¶1}   Ramon Bryant appeals a judgment of the Summit County Common Pleas Court that denied his motion to vacate sentence. For the following reasons, this Court affirms.

I.

{¶2}   In April 2005, a jury found Mr. Bryant guilty of murder, aggravated murder, attempted murder, aggravated robbery, aggravated burglary, felonious assault, and possession of cocaine. The trial court sentenced him to 72 years to life in prison. Mr. Bryant appealed, but this Court upheld his convictions. This Court also upheld his sentence, but its decision was reversed by the Ohio Supreme Court under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶3}   When the trial court resentenced Mr. Bryant in December 2007, it imposed the same prison term. On appeal, this Court vacated the sentence because the trial court had not properly imposed post-release control. In February 2010, the trial court resentenced Mr. Bryant again and imposed the same prison term. Mr. Bryant appealed, but this Court affirmed.

{¶4} In December 2012, Mr. Bryant moved to vacate his sentence, arguing that the trial court had failed to properly merge allied offenses at his second resentencing hearing. The trial court construed the motion as a petition for post-conviction relief. It determined that the petition was untimely, that Mr. Bryant's arguments were barred by res judicata, and that his arguments were without merit. It, therefore, denied the motion. Mr. Bryant has appealed the court's ruling, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT TREATED DEFENDANT-APPELLANT'S MOTION TO VACATE SENTENCE AS AN UNTIMELY PETITION FOR POST-CONVICTION RELIEF.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ACTED CONTRARY TO LAW WHEN IT FAILED TO MERGE ALLIED OFFENSES AND MULTIPLE FIREARM SPECIFICATIONS.

ASSIGNMENT OF ERROR III

THE TRIAL COURT WAS CONTRADICTORY WHEN IT SENTENCED DEFENDANT-APPELLANT TO MULTIPLE FIREARM SPECIFICATIONS.

{¶5} Mr. Bryant argues that the trial court incorrectly treated his motion as a petition for post-conviction relief, incorrectly held that his claim was barred by res judicata, and incorrectly determined that he was not entitled to relief. According to him, because the trial court did not comply with Revised Code Section 2941.25(A) when it resentenced him, his sentence is void and may be corrected at any time.

{¶6} This Court has held that the failure to merge allied offenses of similar import does not result in a void sentence, but "instead results in plain error." *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010-Ohio-5997, ¶ 8. Accordingly, we reject Mr. Bryant's argument that

his sentence is void. *Id*. We agree with the trial court that, because Mr. Bryant's sentence is not void, his motion to vacate sentence should be reclassified as a petition for post-conviction relief. *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶7} Under Revised Code Section 2953.21(A)(2), a defendant must file a petition for post-conviction relief "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." This Court decided Mr. Bryant's appeal from the trial court's most recent sentence on June 29, 2011. *State v. Bryant*, 9th Dist. Summit No. 25306, 2011-Ohio-3187. Mr. Bryant did not file his motion to vacate, however, until December 2012. The trial court, therefore, correctly determined that it was untimely under Section 2953.21(A)(2). Furthermore, the issue that Mr. Bryant raised in his motion to vacate is one that he could have raised on direct appeal. Accordingly, it is barred by res judicata. *State v. McIntyre*, 9th Dist. Summit No. 26677, 2013-Ohio-2077, ¶ 10 ("It is well-established law in Ohio that res judicata prohibits the consideration of issues that could have been raised on direct appeal.").

{¶8} Mr. Bryant's sentence is not void. The trial court correctly construed his motion to vacate sentence as a petition for post-conviction relief and correctly determined that he was not entitled to relief. Mr. Bryant's assignments of error are overruled.

III.

{¶9} The trial court correctly denied Mr. Bryant's motion to vacate sentence. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT


MOORE, P. J.
CONCURS.

CARR, J.
CONCURRING.

{¶10} While I recognize that this Court has not always been consistent in addressing untimely petitions for post-conviction relief, I think the better approach is that most recently espoused in *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9-10. There, we concluded that the trial court does not have jurisdiction to entertain an untimely petition. This approach is consistent with the language of the statute and with the standard adopted by the majority of the districts in the State. *See* R.C. 2953.23(A) (stating "a court may not entertain a petition filed after the expiration of the period * * * unless division (A)(1) or (2) of this section

applies[.]"); *State v. Lawson*, 1st Dist. Hamilton Nos. C-120077, C-120067, 2012-Ohio-5281, ¶ 6-7; *State v. Robinson*, 6th Dist. Huron No. H-12-025, 2013-Ohio-2941, ¶ 8; *State v. Norris*, 7th Dist. Monroe No. 11 MO 4, 2013-Ohio-866, ¶ 10; *State v. Dilley*, 8th Dist. Cuyahoga No. 99680, 2013-Ohio-4480, ¶ 10; *State v. Espinal*, 10th Dist. Franklin No. 12AP-346, 2012-Ohio-5478, ¶ 8; *State v. Anderson*, 11th Dist. Trumbull No. 2013-T-0041, 2013-Ohio-4426, ¶ 15; *State v. Garcia*, 12th Dist. Butler No. CA2013-02-025, 2013-Ohio-3677, ¶ 12.

APPEARANCES:

RAMON R. BRYANT, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.