[Cite as *State v. Powe*, 2014-Ohio-478.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 27163 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ORLANDO L. POWE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 01 06 1516 |

DECISION AND JOURNAL ENTRY

Dated: February 12, 2014

WHITMORE, Judge.

{¶1}   Defendant-Appellant, Orlando Powe, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I

{¶2}   In 2002, a jury found Powe guilty of felony murder, felonious assault, and child endangering.  The court declined to sentence Powe on the felonious assault count, as it merged with the felony murder count.  The court sentenced Powe to 15 years to life on the felony murder count and 8 years on the child endangering count.  The court further ordered that the sentences run consecutively for a total sentence of 23 years to life in prison.  Powe appealed from his convictions, and this Court affirmed.  *See State v. Powe*, 9th Dist. Summit No. 21026, 2002-Ohio-6034.

{¶3}   On September 14, 2012, Powe filed a motion to merge his sentences as allied offenses of similar import.  The State moved to dismiss Powe's motion as an untimely petition

for post-conviction relief ("PCR"), and the trial court denied the motion. Although Powe attempted to appeal from the court's denial of his motion, this Court dismissed his appeal due to his failure to file a brief. *See State v. Powe*, 9th Dist. Summit No. 26716 (Aug. 13, 2013).

{¶4} After this Court dismissed Powe's attempted appeal, Powe filed a motion to vacate or set aside his sentence. Powe argued in his motion that his sentence was contrary to law, as he had been sentenced to allied offenses of similar import. On October 24, 2013, the trial court denied Powe's motion.

{¶5} Powe now appeals from the trial court's judgment and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED WHEN THEY (sic) DENIED THE APPELLANT'S MOTION TO VACATE OR SET ASIDE ILLEGAL AND IMPROPER SENTENCE IN VIOLATION OF §2941.25, AND IN VIOLATION OF APPELLANT'S FIFTH AMENDMENT RIGHT NOT TO BE SUBJECTED TO DOUBLE JEOPARDY[.]

{¶6} In his sole assignment of error, Powe argues that the trial court erred by denying his motion to vacate or set aside his sentence. Specifically, he argues that his sentence is void because the court failed to merge his offenses as allied offenses of similar import. We disagree.

{¶7} This Court has held that "the failure to merge allied offenses of similar import does not result in a void sentence, but 'instead results in plain error.'" *State v. Bryant*, 9th Dist. Summit No. 26774, 2013-Ohio-4996, ¶ 6, quoting *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010–Ohio–5997, ¶ 8. In *Bryant*, we rejected the appellant's argument that his sentence was void due to its alleged inclusion of allied offenses. *Id.* We further held that, because the appellant's sentence was not void "his motion to vacate [his] sentence [was properly] reclassified

as a petition for post-conviction relief." *Id.*, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶8} Much like the appellant in *Bryant*, Powe claims that his sentence is void because the trial court sentenced him to allied offenses. As previously explained, however, a trial court's failure to merge allied offenses does not result in a void sentence. *Bryant* at ¶ 6. Consistent with *Bryant*, Powe's motion to vacate or set aside his sentence must be reclassified as a PCR petition. *Id.*

{¶9} Generally, this Court reviews a trial court's denial of a PCR petition for an abuse of discretion. *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 11. When a trial court denies a petition solely on the basis of an issue of law, however, this Court's review is de novo. *State v. Samuels*, 9th Dist. Summit No. 24370, 2009-Ohio-1217, ¶ 3. Whether a defendant's PCR petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law. *Id.* at ¶ 3-7. Consequently, a de novo standard of review applies. *Id.* at ¶ 3.

{¶10} R.C. 2953.21 establishes procedures for filing a PCR petition. R.C. 2953.21(A)(2) provides, in relevant part, that a PCR petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." "An exception to the time limit exists if it can be shown both that (1) 'the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;' and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact

would have found the petitioner guilty of the offense." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9, quoting R.C. 2953.23(A)(1)(a) and (b). A trial court lacks the authority to hear an untimely PCR petition that does not meet the requirements set forth in R.C. 2953.23(A). *Daniel* at ¶ 9.

{¶11} Powe filed his PCR petition more than 11 years after the filing of the transcript in his direct appeal. His petition was therefore untimely. Moreover, his petition constituted a successive petition, as he previously had filed a motion to merge his sentences in September 2012. *See Reynolds*, 79 Ohio St.3d at syllabus (post-appeal motion to vacate or correct sentence based on a constitutional error constitutes a PCR petition). Powe never argued that any of the exceptions set forth in R.C. 2953.23(A) apply here. Because Powe failed to demonstrate that his PCR petition satisfied R.C. 2953.23(A)'s requirements for untimely and successive petitions, the trial court lacked the authority to consider the merits of his petition. *See Daniel* at ¶ 9-10; *State v. Kyle*, 9th Dist. Summit No. 25974, 2012-Ohio-456, ¶ 6-8. Consequently, the court did not err by denying Powe's petition. Powe's sole assignment of error is overruled.

III

{¶12} Powe's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ORLANDO L. POWE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.