[Cite as *State v. Powe*, 2018-Ohio-477.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28729 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ORLANDO L. POWE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2001-06-1516 |

DECISION AND JOURNAL ENTRY

Dated: February 7, 2018

---

TEODOSIO, Judge.

{¶1}   Appellant, Orlando L. Powe, appeals from an order denying his motion to vacate the judgment/conviction in the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In 2002, following a jury trial, Mr. Powe was convicted of murder, felonious assault, and endangering children.  After the felonious assault count was merged into the murder count, the trial court sentenced Mr. Powe to 15 years to life for murder and eight years for endangering children, to be served consecutively for a total of 23 years to life in prison.  This Court affirmed the convictions on appeal.  *See State v. Powe*, 9th Dist. Summit No. 21026, 2002-Ohio-6034.

{¶3}   In 2012, Mr. Powe filed a motion to merge the sentences for murder and endangering children as allied offenses of similar import, which was denied by the trial court.

Mr. Powe filed a notice of appeal, but never filed a merit brief, and the appeal was dismissed. *See State v. Powe*, 9th Dist. Summit No. 26716 (Aug. 13, 2013).

{¶4} In 2013, Mr. Powe filed a motion to vacate or set aside an illegal and improper sentence, again alleging allied offenses of similar import, which was denied by the trial court. This Court affirmed the trial court's denial of Mr. Powe's motion, as the motion was deemed an untimely and successive petition for post-conviction relief. *See State v. Powe*, 9th Dist. Summit No. 27163, 2014-Ohio-478, ¶ 11.

{¶5} In 2017, Mr. Powe filed a motion to arrest judgment, alleging that the trial court lacked subject-matter jurisdiction over his case because only an indictment, but no criminal complaint, had been filed. The trial court denied the motion and Mr. Powe did not appeal. Instead, less than two months later, he filed a motion to vacate the judgment/conviction, again alleging that the trial court did not have subject-matter jurisdiction over his case because no complaint had been filed, in violation of the Due Process Clause of the United States Constitution. The trial court denied that motion as well.

{¶6} Mr. Powe now appeals from the trial court's denial of his motion to vacate the judgment/conviction and raises three assignments of error for this Court's review.

{¶7} For ease of analysis, we consolidate Mr. Powe's assignments of error.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT LACKED SUBJECT[-]MATTER JURISDICTION OVER SAID CASE[ ]BECAUSE THE CHARGING INSTRUMENT'S (SIC) WERE NEVER PROPERLY FILED. AND WITHOUT A PROPERLY FILED "CRIMINAL COMPLAINT[,]" THE TRIAL COURT DID NOT HAVE SUBJECT[-]MATTER [JURISDICTION,] WHICH MAKES THE JUDGMENT OF SENTENCE VOID * * *.

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT ABUSED ITS DISCRECTION (SIC) BY FAILING TO DISMISS APPELLANT'S CASE WITH PREJUDICE, BASED UPON THE FACT THAT THE CRIMINAL "COMPLAINT"[ ]HAD NEVER BEEN FILED. SO THERE COULD NEVER HAVE BEEN A BINDOVER FROM THE MUNICIPAL COURT[,] IN VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHT PER AMENDMENTS 4, 5, 6, 14[ ] TO THE UNITES STATES[,] WHICH MAKES THE JUDGMENT OF CONVICTION VOID * * *.

**ASSIGNMENT OF ERROR THREE**

THE TRIAL COURT ABUSED ITS DISCRETION BY LITIGATING A MATTER WITH WHICH THE TRIAL COURT AND APPELLEE'S (SIC) HAD PRESUMED KNOWLEDGE THAT NO BINDOVER HAD TOOK (SIC) PLACE FROM THE MUNICIPAL COURT[ ]TO THE COMMON PLEAS COURT OF SUMMIT COUNTY OF OHIO[ ]TO INVOKE SUBJECT[-] MATTER [JURISDICTION] OF THE TRIAL COURT * * *AND FOR THOSE REASON (SIC) ALONE WOULD MAKE THE JUDGMENT/CONVICTION VOID AND ILLEGAL AND IS A CONSTITUTIONAL VIOLATION OF AMENDMENTS 4, 5, 6, 14[ ] BECAUSE THERE WAS NEVER A PROPERLY FILED CRIMINAL COMPLAINT * * *.

{¶8}  In his assignments of error, Mr. Powe essentially argues that because a criminal complaint was never filed in this case, in violation of his constitutional rights, the trial court never had subject-matter jurisdiction and his convictions are therefore void.  We disagree.

{¶9}  "'Subject[-]matter jurisdiction focuses on whether the court is the proper forum to hear the class of cases within which a particular case falls, such as common pleas court, municipal court, or juvenile court.'" *State v. Cubic*, 9th Dist. Medina No. 10CA0082-M, 2011-Ohio-4990, ¶ 10, quoting *State ex rel. Ralkers, Inc. v. Liquor Control Comm.*, 10th Dist. Franklin No. 04AP-779, 2004-Ohio-6606, ¶ 37.  "If a court enters judgment without having subject[-]matter jurisdiction, that judgment is void * * *." *Kalbaugh v. Kalbaugh*, 9th Dist. Summit No. 28282, 2017-Ohio-4272, ¶ 8.  "Because subject-matter jurisdiction goes to the power of the court

to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11.

{¶10} Regardless, "'[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21.'" *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio 3510, ¶ 6, quoting *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. Thus, Mr. Powe's motion to vacate the judgment/conviction, based on an alleged violation of his constitutional rights, constituted a petition for post-conviction relief.

{¶11} Generally, "[w]e review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard." *Daniel* at ¶ 7. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶12} When Mr. Powe was convicted in this case in 2002, R.C. 2953.21(A)(2) provided, in part, that a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." The trial transcripts were filed in this Court in a direct appeal of the judgment of conviction on June 5, 2002. Mr. Powe did not file his most recent petition until over 15 years later on July 17, 2017, well beyond the deadline provided under R.C. 2953.21(A)(2). Moreover, he has already filed at least two other prior petitions for post-

conviction relief in this case. *See Powe*, 2014-Ohio-478, at ¶ 3, ¶ 11. Thus, Mr. Powe's petition for post-conviction relief is both untimely and successive.

{¶13} A trial court may not entertain successive or untimely petitions unless the petitioner satisfies certain requirements. First, he must show that he was unavoidably prevented from discovering the facts he relies on or that, subsequent to the R.C. 2953.21(A)(2) deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation, and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). Second, he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *." R.C. 2953.23(A)(1)(b). In his petition, Mr. Powe made no argument as to how he satisfied his burden under R.C. 2953.23(A)(1).

{¶14} Even assuming arguendo that Mr. Powe satisfied the requirements under R.C. 2953.23(A)(1), his petition would fail nonetheless. Mr. Powe challenges the jurisdiction of the trial court based on the lack of a complaint filed in his case, but the existence of a complaint is irrelevant in regards to the trial court's subject-matter jurisdiction in felony cases. *See State v. Quinnie*, 8th Dist. Cuyahoga No. 105104, 2017-Ohio-2663, ¶ 10. Mr. Powe was indicted by a grand jury in this case, as required for felony charges. *See id. See also* Crim.R. 7(A) (stating that felonies shall be prosecuted by indictment). "Common pleas courts have general subject-matter jurisdiction over crimes and offenses committed by adults." *Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, ¶ 11, citing *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 13. *See also* R.C. 2931.03 (vesting original jurisdiction in courts of common pleas for all non-minor offenses).

**{¶15}** We conclude that the trial court did not have statutory authority to consider the merits of Mr. Powe's untimely and successive petition for post-conviction relief and therefore correctly denied it. *See State v. Russell*, 9th Dist. Summit No. 28206, 2017-Ohio-723, ¶ 5.

**{¶16}** Mr. Powe's first, second, and third assignments of error are overruled.

III.

**{¶17}** Mr. Powe's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

ORLANDO L. POWE, pro se, Appellant.

SHERRI BEVAN WALSH, Proecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.