[Cite as *State v. Powe*, 2019-Ohio-5332.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     29413 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ORLANDO L. POWE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR-2001-06-1516 |

## DECISION AND JOURNAL ENTRY

Dated: December 26, 2019

CARR, Presiding Judge.

{¶1}    Appellant, Orlando Powe, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Following a jury trial in 2002, Powe was convicted of murder, felonious assault, and endangering children.  After finding that the counts of murder and felonious assault merged for sentencing purposes, the trial court imposed a prison term of 15 years to life for murder and a prison term of eight years for child endangering.  The trial court ordered that the sentences were to run consecutively for a total prison sentence of 23 years to life.  This Court affirmed Powe's convictions on direct appeal.  *See State v. Powe*, 9th Dist. Summit No. 21026, 2002-Ohio-6034, ¶ 1.

{¶3}    Powe has attempted to challenge his convictions on a number of occasions in recent years.  In 2012, Powe unsuccessfully moved to merge his sentences on the basis that he

had been sentenced on allied offenses of similar import. This Court dismissed Powe's appeal from that judgment entry due to the fact that he failed to file an appellate brief. *See State v. Powe*, 9th Dist. Summit No. 26716 (Aug. 13, 2013).

{¶4} In 2013, Powe filed a motion to vacate his sentence, arguing that he had been sentenced on allied offenses. The trial court denied the motion. This Court upheld the trial court's judgment on the basis that Powe's motion constituted an untimely and successive petition for post-conviction relief. *See State v. Powe,* 9th Dist. Summit No. 27163, 2014-Ohio-478, ¶ 11.

{¶5} In 2017, Powe filed another motion to vacate judgment, arguing that the trial court lacked subject matter jurisdiction over the case and that his due process rights had been violated. In support of his motion, Powe argued that while an indictment had been filed in his case, no criminal complaint had been filed. The trial court denied this motion as well. On appeal, this Court again concluded that Powe's motion constituted an untimely and successive petition for post-conviction relief. *State v. Powe*, 9th Dist. Summit No. 28729, 2018-Ohio-477, ¶ 15.

{¶6} On January 2, 2019, Powe filed a pro se motion for leave to file a motion for new trial. The State filed a memorandum in opposition to the motion. The trial court denied the motion in a journal entry issued on April 22, 2019.

{¶7} On appeal, Powe raises one assignment of error.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PREJUDIC[IAL] ERROR AND ABUSE[D] ITS DISCRETION WHEN THE COURT FAIL[ED] TO CONDUCT A HEARING TO DETERMINE WHETHER THE DEFENDANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE THE DEFENDANT REL[IED] UPON TO FILE A MOTION FOR LEAVE OF COURT TO FILE [A] NEW TRIAL MOTION[.]

**{¶8}** In his sole assignment of error, Powe contends that the trial court erred by denying his motion without first conducting a hearing. This Court disagrees.

**{¶9}** A trial court's ruling on a motion for leave to file a motion for new trial will not be reversed absent an abuse of discretion. *State v. Williams*, 9th Dist. Summit No. 29572, 2017-Ohio-8475, ¶ 7. Whether to hold a hearing on said motion also lies within the sound discretion of the trial court. *Id.* An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶10}** Crim.R. 33(A)(1) provides that a new trial may be granted on the motion of the defendant if there is an irregularity in the proceedings which prevented the defendant from having a fair trial. The timeframe for filing a motion for new trial is governed by Crim.R. 33(B), which states,

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

**{¶11}** As noted above, Powe moved for leave to file a motion for new trial on January 2, 2019, almost 17 years after his convictions and well outside the deadline set forth in Crim.R. 33(B). A review of Powe's motion for leave reveals that Powe raised a number of constitutional issues therein, most notably due process issues pertaining to the indictment in this matter. With respect to the delayed filing of his motion, Powe argued that he was "unavoidably prevented" from filing his motion due to the fact that he was a "layman in law" who did not understand criminal procedure. Powe stated that he was not made aware of the legal issues raised in his

motion until 2018. Unfortunately, "self-professed ignorance of the law does not justify a belated motion for a new trial." *State v. Jones*, 10th Dist. Franklin No. 18AP-59, 2018-Ohio-4126, ¶ 12. "If a defendant fails to establish unavoidable delay, a trial court need not consider the underlying merits of [a] motion for new trial." *Williams* at ¶ 9. Accordingly, as Powe failed to establish unavoidable delay in this case, the trial court was within its discretion to deny the motion without a hearing.

{¶12}  Powe's sole assignment of error is overruled.

### III.

{¶13}  Powe's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ORLANDO L. POWE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant
Prosecuting Attorney, for Appellee.