[Cite as *State v. Pinckney*, 2026-Ohio-1754.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 31690 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH PINCKNEY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2021-02-0507-B |

DECISION AND JOURNAL ENTRY

Dated: May 13, 2026

---

SUTTON, Judge.

{¶1} Defendant-Appellant Joseph Pinckney appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} The following background information was set forth in this Court's decision in *State v. Pinckney*, 2023-Ohio-4630, ¶ 2-5 (9th Dist.).

{¶3} According to D.J., on the evening of December 19, 2020, he and his male friend L.C. went to a house in Akron where his female friend A.J. was living. Also at the house were D.H., a woman who was renting the house, and T.V., who was D.H.'s male cousin. At one point during the evening, there was no more alcohol, so D.J. left to buy more. He said that, when he returned, D.H. and T.V. were chatting inside a car that was in the driveway. They later came back inside the house.

{¶4} Around 11:30 p.m., there was a knock at the front door. According to D.J., D.H. told him not to answer the door because it was "Red," who D.J. believed referred to Mr. Pinckney.

{¶5} Shortly thereafter, D.J. heard knocking and banging at the back kitchen door, followed by gunshots, six of which hit T.V, killing him. D.J. testified that he looked toward the shooter but only saw the gun before diving onto the floor. Despite suffering a gunshot to his shoulder, D.J. made his way to the front door. Once outside, he got in his car and drove himself to the hospital, calling 911 along the way.

{¶6} According to two neighbors, they heard a commotion at the house, followed by gunshots. They then saw Mr. Pinckney leave the house, get in a car that was in the street, and leave. They were familiar with Mr. Pinckney because he used to live on the street and would visit D.H. at the house. One of the neighbors also testified that she saw D.H. and A.J. remove things from T.V.'s car after the shooting. The women carried the items down the street then returned to the house empty-handed. It was not until D.H. returned to the house that she began shouting about her cousin being shot.

{¶7} A Grand Jury indicted Mr. Pinckney for Aggravated Murder, Murder, Aggravated Burglary, and Felonious Assault, including firearm specifications for each offense. A jury found him guilty of one count of aggravated murder, one count of aggravated burglary, and two counts of felonious assault as well as the firearm specifications for each offense. The trial court sentenced him to life imprisonment without parole eligibility.

{¶8} Mr. Pinckney appealed, and this Court affirmed Mr. Pinckney's conviction. *Id.* at ¶ 33.

{¶9} On September 17, 2024, Mr. Pinckney filed a motion for leave to file a delayed motion for new trial. On July 17, 2025, Mr. Pinckney filed another motion for leave to file a

delayed motion for new trial. Within the body of his July 17, 2025 motion, Mr. Pinckney sought "leave to amend his motion," but did not specifically state what motion he wanted to amend.

{¶10} Mr. Pinckney attached the affidavit of Walter Green, Jr. to his July 2025 motion, claiming it was new evidence. Mr. Green averred that on the night of December 19, 2020, he attended a party at the residence of J.M. and saw Mr. Pinckney at that residence. Mr. Green also averred that he did not tell police he saw Mr. Pinckney at the party, was not contacted by Mr. Pinckney's trial counsel, and was willing to testify to Mr. Pinckney's whereabouts on December 19, 2020, but was not called as a witness.

{¶11} The State responded in opposition to Mr. Pinckney's motion. The State argued Mr. Pinckney submitted no evidence he was unavoidably prevented from discovering the evidence in Mr. Green's affidavit.

{¶12} The trial court denied Mr. Pinckney's July 17, 2025 motion for leave to file a delayed motion for new trial, stating:

> Mr. Pinckney has failed to present evidence that supports the claim that he was unavoidably prevented from timely discovering Mr. Green's affidavit. As such, he failed to carry his burden of showing, by clear and convincing evidence, that he is entitled the relief sought. As the evidence submitted in support of the motion does not, on its face, establish that [Mr. Pinckney] was unavoidably prevented from timely discovering the evidence, this Court denies his motion without holding a hearing.

It does not appear the trial court ruled on or considered Mr. Pinckney's September 2024 motion for leave to file delayed motion for new trial and that motion remains pending.

{¶13} Mr. Pinckney appeals, raising two assignments of error for our review. To facilitate our discussion, we have grouped the assignments of error.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING ON [MR. PINCKNEY'S] MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL.**

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY FAILING TO GRANT [MR. PINCKNEY'S] MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL AND MOTION FOR NEW TRIAL.**

{¶14} Mr. Pinckney argues in his first assignment of error the trial court erred in not holding a hearing on his motion for leave to file a motion for new trial and argues in his second assignment of error the trial court erred in denying his motion for leave to file a motion for new trial. As these assignments of error are related, we will address them together.

{¶15} "A trial court's ruling on a motion for leave to file a motion for new trial will not be reversed absent an abuse of discretion." *State v. Powe*, 2019-Ohio-5332, ¶ 9 (9th Dist.). In addition, "[t]his Court reviews a trial court's decision to deny leave to file an untimely motion for a new trial without a hearing for an abuse of discretion." *State v. Grad*, 2022-Ohio-4221, ¶ 8 (9th Dist.), reversed on other grounds by *State v. Grad*, 2024-Ohio-5710. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶16} Crim.R. 33(B) states:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶17} A defendant may seek a new trial "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). Motions for new trial based on newly discovered evidence must be filed within 120 days after the verdict. Crim.R. 33(B). A defendant who wishes to file a motion outside the prescribed time limit "must seek leave from the trial court to file a 'delayed motion'" for new trial. *State v. Cleveland*, 2009-Ohio–397, ¶ 49 (9th Dist.), quoting *State v. Berry*, 2007-Ohio-2244, ¶ 19 (10th Dist.). The motion for leave must demonstrate, by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely within the 120–day period after the verdict. *State v. Gilcreast*, 2013-Ohio-249, ¶ 4 (9th Dist.), quoting Crim.R. 33(B). Clear and convincing proof is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. If a defendant fails to present prima facie evidence of being unavoidably prevented from discovering such evidence, a court may deny leave without holding a hearing. *See, e.g., Cleveland*, 2009-Ohio-397, at ¶ 54 ("A defendant is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue.").

{¶18} Mr. Green avers in his affidavit attached to the motion for leave to file a delayed motion for new trial that he saw Mr. Pinckney at a party the night of the murder. In other words,

Mr. Pinckney appears to be asserting an alibi. What Mr. Pinckney has not shown, however, is that he was "unavoidably prevented" from discovering the evidence he attached to his motion. This means that a defendant must show he had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence. *State v. Armando Rodriguez-Baron*, 2012-Ohio-5360, ¶ 11 (7th Dist.). In this case, the ground Mr. Pinckney is asserting is he was at a party on December 19, 2020, implying he was not at the scene of the murder. While Mr. Pinckney asserts in the motion he could not have learned of the existence of Mr. Green's affidavit within the 120-day period after the verdict finding him guilty, he has not shown what reasonable diligence he undertook to discover the evidence that supports his purported alibi.

{¶19} Therefore, Mr. Pinckney did not meet his burden to demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the alibi evidence he attached to his July 2025 motion for leave to file a delayed motion for new trial. The trial court did not abuse its discretion in denying Mr. Pinckney's motion for leave to file a delayed motion for new trial without a hearing.

{¶20} Mr. Pinckney also argues in this appeal that the trial court should have considered his September 2024 motion for leave to file a delayed motion for new trial together with his July 2025 motion. Mr. Pinckney's July 2025 motion for leave was captioned, "Motion for Leave to File a Delayed Motion for New Trial." In the body of the motion, Mr. Pinckney moved for "leave to amend his motion[,]" but he does not state what motion he was seeking leave to amend. It appears from his arguments on appeal that Mr. Pinckney was referring to his September 2024 motion for leave to file a delayed motion for new trial. However, it does not appear the trial court considered the September 2024 motion as the trial court only mentioned the July 2025 motion and

Mr. Green's affidavit in its order denying the July 2025 motion for leave. Generally, when the trial court fails to rule on a pending motion prior to entering final judgment, such judgment is deemed to have been implicitly overruled. *Fed. Home Loan Mtge. Corp. v. Owca*, 1999 WL 1059682, * 2 (9th Dist. Nov. 17, 1999), citing *Maust v. Palmer*, 94 Ohio App.3d 764, 769 (10th Dist. 1994). Here, however, that principle does not apply because Mr. Pinckney filed both of his motions pursuant to Crim.R. 33(B) *after* his conviction and sentence. Crim.R. 33(B) does not prohibit a defendant from filing multiple motions for new trial after the verdict is rendered, but does subject the motions to certain time and proof requirements. A ruling on Mr. Pinckney's September 2024 will constitute a separate final appealable order. *See State v. Johnson*, 2023-Ohio-3897 ¶ 8-9 (10th Dist.). The trial court retains continuing jurisdiction to rule on post-judgment motions allowed by rule and statute. *See id* at ¶ 9. Mr. Pinckney's September 2024 motion therefore remains pending.

{¶21} Mr. Pinckney has not met his burden to demonstrate by clear and convincing evidence he was unavoidably prevented from discovering the evidence he attached to his July 2025 motion for leave to file a delayed motion for new trial. Accordingly, Mr. Pinckney's first and second assignments of error are overruled.

III.

{¶22} For the forgoing reasons, Mr. Pinckney's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

8

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

MARY CATHERINE CORRIGAN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.