[Cite as *State v. Cleavenger*, 2026-Ohio-1939.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

TODD CLEAVENGER

    Appellant

C.A. No.    31160

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2019-01-0041

DECISION AND JOURNAL ENTRY

Dated: May 27, 2026

SUTTON, Judge.

{¶1}　Defendant-Appellant Todd Cleavenger appeals the judgment of the Summit County Court of Common Pleas.  For the reasons that follow, this Court reverses.

I.

**Relevant Background Information**

{¶2}　This matter is before the Court on the denial of Mr. Cleavenger's delayed motion for leave to file a motion for a new trial.   The trial court denied Mr. Cleavenger's motion for leave to file a motion for a new trial because Mr. Cleavenger did not prove "newly discovered evidence." Mr. Cleavenger appealed raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE SENTENCING COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE MOTION FOR LEAVE TO FILE FOR A NEW TRIAL WHERE THE TRIAL COURT'S ANALYSIS IMPROPERLY CONFLATED TWO DISTINCT ISSUES BY RESOLVING THE MOTION FOR LEAVE**

**BASED ON THE MERITS OF WHETHER [MR. CLEAVENGER] IS ENTITLED TO A NEW TRIAL RATHER THAN ADDRESSING THE THRESHOLD ISSUE OF WHETHER [MR. CLEAVENGER] WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE.**

{¶3} In his first assignment of error, Mr. Cleavenger argues the trial court erred in denying his motion for leave to file a motion for a new trial on the merits, instead of determining whether Mr. Cleavenger should be granted leave to file his motion for a new trial because he was unavoidably prevented from discovering the new evidence within the time parameters set forth in Crim.R. 33(B).

{¶4} "A trial court's ruling on a motion for leave to file a motion for new trial will not be reversed absent an abuse of discretion." *State v. Powe*, 2019-Ohio-5332, ¶ 9 (9th Dist.). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Crim.R. 33(B) states:

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶5} A defendant may seek a new trial "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and

produced at the trial." Crim.R. 33(A)(6). Motions for new trial based on newly discovered evidence must be filed within 120 days after the verdict. Crim.R. 33(B). A defendant who wishes to file a motion outside the prescribed time limit "must seek leave from the trial court to file a 'delayed motion'" for new trial. *State v. Cleveland*, 2009-Ohio–397, ¶ 49 (9th Dist.), quoting *State v. Berry*, 2007-Ohio-2244, ¶ 19 (10th Dist.). The motion for leave must demonstrate, "by clear and convincing proof that [the defendant] was unavoidably prevented from the discovery of the evidence upon which he must rely [within the 120–day period]." *State v. Gilcreast*, 2013-Ohio-249, ¶ 4 (9th Dist.), quoting Crim.R. 33(B). Clear and convincing proof is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "[U]ntil a trial court grants leave to file a motion for a new trial, the motion for a new trial is not properly before the court." *State v. Bethel*, 2022-Ohio-783, ¶ 41, citing *State v. Brown*, 2011-Ohio-1080, ¶ 14 (8th Dist.).

{¶6} Here, in denying Mr. Cleavenger's motion for leave to file a motion for a new trial, the trial court stated, in relevant part:

> Preliminarily, the [c]ourt will note that [Mr. Cleavenger's] [motion for leave to file a motion for new trial] is well beyond 120 days after [Mr. Cleavenger] was sentenced. Accordingly, [Mr. Cleavenger] must demonstrate that the evidence supporting his [motion for leave to file a motion for new trial] is *"newly discovered evidence."*

(Emphasis added.) The trial court then listed the 7 groups of new evidence that Mr. Cleavenger relied upon in this matter. The trial court explained, in relevant part:

> In considering Group 1, [Mr. Cleavenger] filed a civil case against B.O. in Case No. CV-2020-04-1216. [Mr. Cleavenger] now claims that B.O. made statements that are "[opposite] of, contrary to[, and] inconsistent with" B.O.'s trial testimony in this case. However, a review of [Mr. Cleavenger's] Exhibit J shows that, while the statements may have been potentially impeaching, they are not wholly different

from the trial testimony in this case. Accordingly, this Court does not find that Group 1 is "newly discovered evidence."

In considering Group 2, B.O. filed a civil case against [Mr. Cleavenger] in Case No. CV-2020-12-3655. [Mr. Cleavenger] now claims that the mere existence of B.O.'s filing of the civil action against him constitutes motive for B.O.'s testimony that the [c]ourt did not previously have before it. While it is true that this civil case was not filed until after [Mr. Cleavenger] had been sentenced, the existence of this civil case may be seen as potentially impeaching but cannot be seen as having a high likelihood of altering the jury's decision and producing a different result. Furthermore, a review of the civil case along with the portions picked out by [Mr. Cleavenger] does not demonstrate any substantial variance from the evidence provided during the criminal case. Accordingly, this [c]ourt does not find that Group 2 is "newly discovered evidence."

The trial court discussed each of the 7 groups of evidence and determined for each group that the evidence was not "newly discovered evidence." The trial court concluded its discussion, stating: "[Mr. Cleavenger] has not provided this [c]ourt with any newly discovered evidence sufficient to overcome his *burden* and be granted leave to file a motion for new trial." (Emphasis added.) The trial court denied Mr. Cleavenger's motion for leave to file a motion for new trial on this basis and then denied the motion for new trial and supplemental motions as well.

{¶7} As indicated above, however, at the stage in proceedings where leave to file a motion for a new trial is being sought, Mr. Cleavenger's burden is only to show by clear and convincing proof that he was unavoidably prevented from the discovery of the evidence upon which he must rely within the 120-day period required by Crim.R. 33(B). Although the trial court correctly cited this legal standard in its order, it did not apply this standard in denying Mr. Cleavenger's motion for leave to file a motion for new trial. Instead, the trial court erred by applying the standard to grant or deny a new trial in denying Mr. Cleavenger's motion for leave.

{¶8} Therefore, the trial court must determine, in the first instance, if Mr. Cleavenger's motion for leave to file a motion for a new trial should be granted based upon whether Mr. Cleavenger, by clear and convincing proof, showed he was unavoidably prevented from the

discovery of the evidence upon which he relied in seeking a new trial. If the trial court determines Mr. Cleavenger has satisfied his burden in showing he was unavoidably prevented from the discovery of the evidence, and the trial court grants Mr. Cleavenger's motion for leave, Mr. Cleavenger can then properly file his motion for a new trial. At that time, the trial court can determine if the motion for new trial has merit. In so doing, the trial court must consider, pursuant to Crim.R. 33(A), if the evidence submitted by Mr. Cleavenger is "newly discovered evidence" for the purpose of granting him a new trial. If, however, the trial court denies Mr. Cleavenger's motion for leave to file a motion for new trial, no further analysis is required by the trial court regarding Mr. Cleavenger's motion for a new trial. *See State ex rel. Quinn v. Rastatter*, 2026-Ohio-1208, ¶ 11 ("Although Quinn and Judge Rastatter do not distinguish between Quinn's motion for leave to file a motion for a new trial and the included motion for a new trial, under the Criminal Rules, *these motions must be ruled on sequentially*. Because Quinn was found guilty over 120 days ago, Quinn must first file a motion for leave to file a motion for a new trial based on newly discovered evidence. If Judge Rastatter finds by clear and convincing proof that Quinn was unavoidably prevented from discovering the evidence on which his request relies and so grants the motion for leave, Quinn must then file a motion for a new trial within seven days of the court's ruling on his motion for leave. Thus, at this time, Judge Rastatter *can consider only Quinn's motion for leave to file a motion for a new trial*."). (Internal citations omitted.) (Emphasis added.)

{¶9}    Accordingly, Mr. Cleavenger's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**THE SENTENCING COURT ERRED AND ABUSED ITS DISCRETION IN DENYING ALL THE ASSOCIATED MERITS CONTAINED WITHIN THE THREE SUPPLEMENTS TO THE MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL BASED STRICTLY ON THE SENTENCING COURT DENYING THE UNDERLYING MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL.**

## ASSIGNMENT OF ERROR III

**THE SENTENCING COURT ERRED AND ABUSED ITS DISCRETION IN IGNORING OHIO SUPREME COURT [PRECEDENT] UNDER *STATE V. FERGUSON*, 5 OHIO ST.3D 160, WHICH MANDATES AUTOMATIC REVERSAL OF A CONVICTION AND A NEW TRIAL WHEN A COURT PRECLUDES EVIDENCE OF POSSIBLE BIAS OR PREJUDICE FROM THE COMPLAINING WITNESS MATERIAL TO A PECUNIARY INTEREST IN THE OUTCOME OF THE TRIAL.**

{¶10} In his second and third assignments of error, Mr. Cleavenger argues the trial court erred in denying supplements to his motion for leave to file a motion for a new trial, and that the trial court erred in failing to grant a new trial based upon alleged evidence of a pecuniary interest by B.O. against Mr. Cleavenger. Given the resolution of Mr. Cleavenger's first assignment of error, however, his remaining assignments of error are premature.

III.

{¶11} For the foregoing reasons, Mr. Cleavenger's first assignment of error is sustained. Mr. Cleavenger's second and third assignments of error are premature. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, J.
DISSENTING.

{¶12} I respectfully dissent from the judgment of the majority. I would conclude that the trial court did not abuse its discretion in denying Cleavenger's motion for leave to file a motion for new trial.

{¶13} The trial court's analysis in denying the motion for leave to file a motion for new trial reflects that it gave appropriate consideration to the relevant factors and followed Supreme Court precedent. *See State v. Grad*, 2024-Ohio-5710, ¶ 38. When examining a motion for leave to file a motion for a new trial, a trial court is free to consider the allegedly newly discovered evidence to see if that evidence is actually relevant or material. *See id.* Crim.R. 33(A)(6) itself defines newly discovered evidence as new evidence which is "material to the defense" and "could not with reasonable diligence have [been] discovered and produced at the trial." To withhold

consideration of relevance and materiality from the trial court would only frustrate the interests of justice. If the new evidence is completely irrelevant, it is not newly discovered evidence as described by Crim.R. 33(A)(6), and it should not matter whether the movant was unavoidably prevented from discovering it during the given time period. Thus, even if the evidence could not have been discovered within the appropriate timeframe, if it is immaterial to the case, it is not newly discovered evidence warranting the granting of leave. Crim.R. 33(B) serves the limited purpose of setting forth the time constraints under which a motion can be filed. *See* Crim.R. 33(B).

{¶14} Here, the trial court acted reasonably under the law and circumstances before it. Further, after denying the motion for leave, the trial court properly declined to consider the merits of Cleavenger's motion for a new trial. Thus, a remand to the trial court is unnecessary, and I respectfully dissent from the judgment of the majority.

APPEARANCES:

TODD CLEAVENGER, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.